PRODUCE MERCANTILE COMPANY, demandante y apelada, *v.* BULL INSULAR LINE, INC., demandada apelante.

No. 4102.—*Visto:* Mayo 20, 1927. *Resuelto:* Noviembre 27, 1928.

*Hartzell, Kelley & Hartzell* y *Rafael O. Fernández,* abogados de la apelante; *Luis Janer,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La mercantil de esta plaza Produce Mercantile Co. demandó a la compañía naviera Bull Insular Line Co., Inc., alegando substancialmente, que el 4 de septiembre de 1922 la demandante y la demandada celebraron un contrato de fletamento para el transporte por la demandada a Santo Domingo, República Dominicana, de seis cajas con cristales para automóviles y que mediante el pago de $19.49 se le expidió conocimiento de embarque: que además de esa cantidad pagó a la demandada $500 adicionales, equivalentes al 20 por ciento del valor de esa mercancía, o sea, $2,500, para cubrirla contra el riesgo de rotura: que cubrió ese riesgo con la demandada por las manifestaciones y promesas que la misma le hizo previamente, haciéndole creer que tenía entonces una póliza abierta a nombre de A. H. Bull & Co. para proteger los intereses de sus clientes, en distintas compañías de seguro de los Estados Unidos de América, y que dicha compañía naviera asumía inmediatamente la responsabilidad del riesgo en caso de ocurrir, subrogándose en los derechos y acciones de los embarcadores para ella reclamar de los reaseguradores en los Estados Unidos las cantidades pagadas: que las seis cajas con cristales, propiedad de la demandante, fueron embarcadas en un vapor de la demandada, estando en buen estado los cristales, y al día siguiente llegaron a su destino

completamente rotos: y que a petición de la demandada le suministró varias facturas, conocimientos de embarque y otros documentos necesarios para liquidar dicha póliza, pero .la demandada después de indebidas dilaciones se ha negado a pagar los $2,500 importe de los daños sufridos por la demandante por la rotura de los cristales fundándose en que los aseguradores en los Estados Unidos de la demandada rechazan el pago, sin establecer causa o razón para dicha negativa. Por esas alegaciones solicitó condena por $2,500, sus intereses y las costas. A esa demanda se acompañó un conocimiento de embarque de dichas cajas, que entre otras cosas dice, en español y en inglés, lo siguiente: "Asegurado contra rotura por $2,500—Insured under open policy of A. H. Bull & Co. for $2,500. Paid Sept. 4, 1922, Bull Insular Line, Inc.—M. Cashier."

La Bull Insular Line, Inc., alegó como excepciones previas que la demanda es ambigua y que no aduce hechos determinantes de causa de acción, pero habiendo sido desestimadas presentó su contestación negando que el riesgo fuera cubierto por ella: que haga operaciones como aseguradora: que nunca dió a entender a la demandante que las hacía, afirmando que lo único que le manifestó fué que la mercancía podía asegurarse en una compañía de seguros bajo una póliza abierta a nombre de A. H. Bull & Co. y que en ese asunto actuó solamente como intermediaria entre la demandante y la compañía de seguros, a la cual envió inmediatamente por conducto de A. H. Bull & Co. el premio íntegro de $500 pagado por la demandante: negó que hubiera manifestado o prometido que asumiría el riesgo en caso de ocurrir y que lo pagaría, subrogándose en los derechos de la demandante: negó que al tiempo del embarque de los cristales y de su descarga en Santo Domingo pertenecieran a la demandante, así como que fueron embarcados en perfecto estado, que llegaron completamente rotos, y que su valor fuera de $2,500: alegó que si bien la demandante suministró a la demandada ciertos documentos

relativos a su reclamación por rotura de los cristales, no fué para que la demandada liquidara las pérdidas sino para someterlos a la compañía aseguradora en los Estados Unidos, actuando como simple intermediaria, y que en este carácter los sometió a la compañía aseguradora, la que rechazó la reclamación y así lo informó a la demandante a quien manifestó que debía entenderse directamente con la compañía aseguradora.

La sentencia dictada por la Corte de Distrito después del juicio condenó a la demandada a pagar a la demandante los $2,500 reclamados, sus intereses legales desde el 1°. de octubre de 1922 y las costas, contra la cual ha sido interpuesto el presente recurso de apelación.

En la vista de este recurso el abogado de la apelante desistió de los motivos segundo y tercero de su recurso referentes a actuaciones ocurridas antes del juicio.

 Convenimos con la apelante en que la única teoría que surge de los hechos alegados en la demanda es la de que la compañía naviera está obligada a la reclamación que se le hace porque se comprometió con la demandante a asumir y pagar el riesgo en caso de ocurrir para hacer ella por sí misma la reclamación a la compañía aseguradora como subrogada en los derechos de la asegurada, pues no contiene hechos por los cuales pueda llegarse a la conclusión de que la demandada actuó como aseguradora de la mercancía, ya que no tiene alegaciones sobre expedición de la póliza por la demandada a la demandante, su fecha, duración del seguro y otros requisitos que son necesarios en las pólizas según el artículo 738 del Código de Comercio; ni tampoco para exigirle responsabilidad por haber actuado como agente de la compañía aseguradora pues no dice que ésta no estaba autorizada para hacer negocios en esta isla ni que por negligencia o impericia de la demandada el seguro resultó nulo o ineficaz.

La corte inferior no fundó su sentencia en la única teoría viable de la demanda, o sea que la demandada se compro-

metió a pagar para ella hacer la reclamación, pues de esto no hubo prueba en el juicio, sino en que el conocimiento de embarque contiene un contrato de seguro válido y en que la demandada actuó como agente general de A. H. Bull & Co.

Ningún testigo declaró en el juicio que la Bull Insular Line, Inc., sea agente general en esta isla de A. H. Bull & Co. y por el contrario resulta del conocimiento de embarque, de los membretes de las cartas de la demandada y de la declaración de Don Eduardo Ferrer, única sobre ese particular y no contradicha, que es A. H. Bull & Co. el agente general de la Bull Insular Line, Inc., por lo que no puede sostenerse la sentencia apelada en el hecho erróneo de que la última sea agente general de la primera. Tampoco se dice en las cartas de la demandada a la demandante que enviaría a sus principales la reclamación de la demandante sino que la trasmitiría a los aseguradores.

La nota puesta por la demandada en el conocimiento de embarque de que la mercancía quedaba asegurada en una póliza abierta de A. H. Bull & Co. demuestra por sí misma que no se celebró un contrato de seguro entre la Bull Insular Line y la demandante, ni ese hecho demuestra que hubiera actuado como agente de la compañía aseguradora American Insurance Co., que según las cartas de la demandada, es la aseguradora en este caso. Que la demandante no consideró nunca a la demandada como aseguradora de la mercancía lo demuestra su carta de 5 de marzo de 1923 en la que le pregunta cuál es la compañía de seguro que ha cubierto su embarque, y la de once días después en la que insiste sobre lo mismo y le dice que le envíe los documentos relacionados con su reclamación para entregarlos a sus agentes en Nueva York en vista de que por la mediación de la demandada está sufriendo el asunto un gran retraso. Es cierto que después de esas cartas y de tener noticia de que la compañía aseguradora rechazaba su reclamación escribió otras a la demandada en las que la considera como aseguradora, pero esas cartas

escritas para su propio beneficio no eran admisibles como prueba de que la demandada es la aseguradora, de acuerdo con el caso de *Freiría & Co., S. en C.*, v. *Cortés Hermanos & Co.*, 32 D.P.R. 127.

▪ En la demanda no se reclama el pago a la demandada como agente de una compañía aseguradora que no está autorizada para hacer negocios en esta isla pues no contiene alegación alguna en ese sentido, ni de que la póliza sea nula o ineficaz por negligencia de la demandada, por lo que no era admisible prueba de aquel hecho y no es procedente su condena como agentes de la compañía aseguradora.

▪ Además, el fundamento de la demandada de ser responsable la demandada por haberse comprometido a asumir la responsabilidad del riesgo no era tampoco suficiente por sí mismo para condenarla al pago, pues equivaliendo esa relación contractual a un afianzamiento de un contrato mercantil como es el de seguro en este caso, se reputa mercantil aun cuando el fiador no sea comerciante, según el artículo 439 del Código de Comercio; afianzamiento que según el artículo siguiente, 440, debe constar por escrito, lo que no se hizo en este caso.

Por lo expuesto la sentencia apelada *debe ser revocada* y dictarse otra en su lugar absolviendo a la demandada, *sin especial condena de costas.*

El Juez Asociado Sr. Texidor no intervino.